IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID ROMERO
c/o 519 H Street NW
Washington, DC 20001

  Plaintiff,

v.

SMITH COMMONS DC, LLC
1926 Benning Road NE
Washington, DC 20002

  Defendant.

Civil Action No. _____

## COMPLAINT

1. Defendant employed Plaintiff at its restaurant located at 1245 H Street NE, Washington, DC 20002. For the vast majority of Plaintiff's employment, Defendant paid Plaintiff at an hourly rate lower than the applicable minimum wage. Moreover, Defendant always paid Plaintiff his regular hourly rate across all hours worked, including overtime hours. Finally, Defendant engaged in a practice of rounding down the hours paid to Plaintiff, which further deprived Plaintiff of both regular and overtime wages.

2. Plaintiff brings this action to recover damages for Defendant's willful violations of both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 et seq.

### Jurisdiction and Venue

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this district, and because a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred in this district.

## Parties

5. Plaintiff is an adult resident of the District of Columbia.

6. Smith Commons DC, LLC ("Smith Commons") is a District of Columbia corporation. Smith Commons DC, LLC's primary business address is 1926 Benning Road NE, Washington, DC 20002. Its resident agent is Jerome Bailey, 1926 Benning Road NE, Washington, DC 20002.

## Factual Allegations

7. Defendant owns and operates the restaurant named "Smith Commons DC," 1245 H Street NE, Washington, DC 20002.

8. Defendant employed Plaintiff from approximately January 1, 2014 until approximately March 13, 2016.

9. Plaintiff worked for Defendant as a kitchen hand and performed duties such as washing dishes, cleaning, and cutting vegetables.

10. Plaintiff typically and customarily worked overtime hours after approximately November 29, 2015.

11. Defendant did not pay Plaintiff overtime wages.

12. Defendant always paid Plaintiff his regular hourly rate across all hours worked, including overtime hours.

13. Defendant only paid Plaintiff for the whole hours worked in a given workweek. On a weekly basis, Defendant rounded Plaintiff's hours down to the nearest whole hour below the actual time worked.

14. For example, during the pay period from February 20, 2016 through March 4, 2016, Plaintiff worked 93 hours and 45 minutes. Specifically, Plaintiff worked 45 hours and 54 minutes in the first workweek, (Feb. 20 – 26, 2016), and 47 hours and 51 minutes in the second workweek (Feb. 27, 2016 – Mar. 4, 2016). Defendant paid Plaintiff for only 92 hours (45 hours + 47 hours). Defendant paid Plaintiff nothing for the remaining 105 minutes (1.75 hours) worked.

15. The following paystub shows Defendant's payment for Feb. 20, 2016 - Mar. 4, 2016:

```
FOLD AND REMOVE                                                                          FOLD AND REMOVE

PERSONAL AND CHECK INFORMATION     EARNINGS    DESCRIPTION      HRS/UNITS   RATE    THIS PERIOD ($)  YTD HOURS    YTD ($)
David Romero
1337 Parkwood Pl NW                            Regular            92.00    9.5000       874.00        430.00     4085.00
Washington, DC 20010                           Total Hours        92.00                                430.00
                                               Gross Earnings                           874.00                   4085.00
Soc Sec #: xxx-xx-xxxx  Employee ID: 214       Total Hrs Worked   92.00
Home Department: 10 Dish           WITHHOLDINGS DESCRIPTION    FILING STATUS    THIS PERIOD ($)                   YTD ($)

Pay Period: 02/20/16 to 03/04/16               Social Security                         54.19                     253.27
Check Date: 03/11/16   Check #: 100413         Medicare                                12.67                      59.23
NET PAY ALLOCATIONS                            Fed Income Tax    S 2                   53.55                     232.82
                                               DC Income Tax     S 2                   36.56                     165.70
DESCRIPTION     THIS PERIOD ($)  YTD ($)
Check Amount       717.03        3373.98       TOTAL                                   156.97                    711.02
NET PAY            717.03        3373.98




                                   NET PAY                                  THIS PERIOD ($)                      YTD ($)
                                                                               717.03                           3373.98

Payrolls by Paychex, Inc.

0031 1701-7213  Smith Commons DC LLC • 1434 Park RD NW • Washington DC  20010 • (202) 396-0038
```

16. Defendant paid Plaintiff at approximately the following hourly rates:

| Dates | Regular Hourly Rate |
|---|---|
| Jan. 1, 2014 – Apr. 4, 2014 | $8.00 |
| Apr. 5, 2014 – June 12, 2015 | $9.00 |
| June 13, 2015 – Mar. 18, 2016 | $9.50 |

17.     Throughout Plaintiff's employment, Defendant paid Plaintiff his regular hourly rate for approximately the following number of overtime hours:

| Dates | Overtime Hours Paid at Regular Rate |
|---|---|
| Jan. 1, 2014 – Apr. 4, 2014 | 0 |
| Apr. 5, 2014 – June 12, 2015 | 172 |
| June 13, 2015 – Mar. 18, 2016 | 278 |
| **Total** | **450** |

18.     Defendant's practice of rounding down Plaintiff's work hours resulted in approximately the following number of unpaid hours:

| Dates | Unpaid Regular Hours | Unpaid Overtime Hours |
|---|---|---|
| Jan. 1, 2014 – Apr. 4, 2014 | 9 | 0 |
| Apr. 5, 2014 – June 12, 2015 | 25.5 | 21 |
| June 13, 2015 – Mar. 18, 2016 | 0 | 30 |
| **Total** | **34.5** | **51** |

19.     Defendant always required Plaintiff to punch in and out using a time clock.

20.     Defendant always paid Plaintiff's wages with a check.

21.     Defendant always paid Plaintiff every two weeks.

22.     At all relevant times, federal and District of Columbia law required Defendant to pay Plaintiff one and one-half times Plaintiff's hourly rate for all hours worked over 40 in any one workweek.

23.     The District of Columbia minimum wage was $8.25 per hour prior to July 1, 2014, $9.50 per hour from July 1, 2014 through June 30, 2015, and $10.50 per hour from July 1, 2015 through the present.

4

24.  Defendant owes Plaintiff approximately **$10,000.00** in unpaid wages, including minimum, regular, and overtime wages.

25.  At all relevant times, the annual gross volume of Defendant's business exceeded $500,000.00.

26.  At all relevant times, Defendant had two or more employees who handled goods and/or materials that had travelled in or been produced for interstate commerce.

27.  At all relevant times, Defendant had the power to fire Plaintiff.

28.  At all relevant times, Defendant had the power to control Plaintiff's work schedule.

29.  At all relevant times, Defendant had the power to set Plaintiff's rate of pay.

30.  At all relevant times, Defendant did not maintain true and accurate records of each hour, day, and week worked by Plaintiff, or of how much Plaintiff was paid for Plaintiff's work, as required by 29 C.F.R. § 516 and D.C. Code § 32-1008. Accordingly, the exact amount of hours worked by and wages owed to Plaintiff will only be known through discovery.

31.  Defendant intentionally did not provide Plaintiff with statements that itemized the actual number of hours worked and the amounts paid per hour, as required by D.C. Code § 32-1008 (b).

32.  Defendant intentionally did not provide Plaintiff with statements that itemized the actual number of hours worked and the amounts paid per hour, in order to conceal the actual number of hours Plaintiff worked and Plaintiff's hourly rate.

33.  Defendant failed to provide Plaintiff with notice of Plaintiff's employer's name, address, telephone number, the employee's rate of pay, and the employer's regular payday, as required by D.C. Code § 32-1008 (c).

34.  Defendant intentionally did not post the notice of District of Columbia wage law required by D.C. Code § 32-1009.

35. Defendant did not provide Plaintiff with actual or constructive notice of Plaintiff's employee rights, within the meaning of D.C. Code § 32-1308(c)(2)(b).

36. At all relevant times, Defendant was aware that it was legally required to pay Plaintiff the minimum wage required by District of Columbia and federal law.

37. At all relevant times, Defendant was aware that it was legally required to pay Plaintiff one and one-half times Plaintiff's regular rate for all hours worked in excess of 40 hours in any one workweek.

38. At all relevant times, Defendant was aware that it was legally required to timely pay Plaintiff all wages legally due to Plaintiff.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

39. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

40. Defendant was an "employer" of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

41. The FLSA requires that employers pay non-exempt employees a minimum wage equal to an amount set by Congress. 29 U.S.C. § 206(a)(1).

42. The FLSA permits states to set a minimum wage higher than that provided for by the FLSA. 29 U.S.C. § 218.

43. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. 29 U.S.C. § 207(a)(1).

44. Defendant violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times Plaintiff's regular rate for hours worked in excess of 40 hours in any one workweek.

45. Defendant's FLSA violations were willful.

46. For its FLSA violations, Defendant is liable to Plaintiff for unpaid overtime wages, an equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT II
### FAILURE TO PAY WAGES UNDER THE DCWPCL

47. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

48. Defendant was an "employer" within the meaning of the DCWPCL, D.C. Code § 32-1301(1).

49. The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

50. For purposes of the DCWPCL, the term "wages" includes overtime wages. D.C Code § 32-1301(3).

51. Defendant violated the DCWPCL by knowingly failing to pay Plaintiff all wages earned, including minimum and overtime wages.

52. Defendant's DCWPCL violations were willful.

53. For its DCWPCL violations, Defendant is liable to Plaintiff for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant, on all counts, and grant the following relief:

a. Award Plaintiff **$40,000.00**, consisting of the following overlapping elements:

      i. unpaid federal overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

      ii. unpaid District of Columbia minimum and overtime wages earned, plus three times the amount of unpaid wages earned as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

b. Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

c. Award Plaintiff reasonable attorneys' fees and expenses incurred in the prosecution of this action;

d. Award Plaintiff court costs; and

e. Award any additional relief the Court deems just.

Date: April 12, 2016                    Respectfully submitted,

                                          /s/ Justin Zelikovitz, Esq.
Justin Zelikovitz, #986001
LAW OFFICE OF JUSTIN ZELIKOVITZ, PLLC
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiff*